**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NAHSHON JACKSON,**

                              **Plaintiff,**

                                                            **Civil No. 9:02-CV-00773**
                 **v.**                                     **(GLS/GHL)**

**THOMAS RICKS, Warden, Upstate**
**Corr. Facility; ANTHONY BOUCAUD,**
**Deputy Warden, Upstate Corr. Facility;**
**GEORGE B. DUNCAN, Warden, Great Meadow**
**Corr. Facility; CHRISTINE CHAPMAN, Counselor,**
**Great Meadow Corr. Facility; LEONARD A.**
**PORTUONDO, Warden, Shawangunk Corr. Facility;**
**EVAN GORELICK, Deputy Warden of Programs,**
**Shawangunk Corr. Facility; JOHN C. MALY, Deputy**
**Warden of Security, Shawangunk Corr. Facility;**
**LEO J. BISCEGLIA, Deputy Warden of Administration,**
**Shawangunk Corr. Facility; DANIEL J. CONNOLLY,**
**Captain, Shawangunk Corr. Facility; PETER M. HORAN,**
**Senior Counselor, Shawangunk Corr. Facility;**
**CHRISTOPHER J. SERGER, Corrections Officer,**
**Shawangunk Corr. Facility; and LYNN BRIGGS,**
**Secretary, Shawangunk Corr. Facility,**

                                        **Defendants.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Nahshon Jackson
Plaintiff, *pro se*
95-A-2578
Upstate Correctional Facility
PO Box 2001

Malone, New York 12953

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER                    BRIDGET E. HOLOHAN
New York Attorney General             Assistant Attorney General
The Capitol
Albany, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending are plaintiff *pro se* Nahshon Jackson's objections to

Magistrate Judge George Lowe's Report-Recommendation.  *See Dkt. Nos.*

*80, 82.*  Upon reviewing the arguments, the relevant parts of the record, the

applicable law, and finding no clear error, this court adopts the Report-

Recommendation in its entirety.[1]

### II. Procedural History

Jackson brings this action pursuant to 42 U.S.C. § 1983.  *See*

*Compl., Dkt. No. 1.*  He alleges that the defendants violated his First,

Fourth, Thirteenth and Fourteenth Amendment rights.  *See id.*  On July 8,

---

[1]The Clerk is directed to append Judge Lowe's Report-Recommendation to this
decision, and familiarity is presumed.  *See Dkt. No. 80.*

2

2004, the defendants filed a motion for summary judgment. *See Dkt. No. 71.* On August 17, Jackson opposed defendants' motion and filed a cross motion for an order to compel discovery, grant sanctions and grant appointment of counsel. *See Dkt. No. 77.* On October 11, 2005, Judge Lowe issued a report recommending that defendants' motion be granted. *See Dkt. No. 80.* On November 14, Jackson filed objections. *See Dkt. No. 82.* On November 17, defendants responded to Jackson's objections. *See Dkt. No. 83.* The Jackson's objections are now pending before the court.

### III.  Discussion[2]

### A.  Standard of Review

By statute and rule, district courts are authorized to refer prisoner civil rights case to magistrate judges for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G).

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the

---

[2]The court adopts the factual summary in Judge Lowe's Report-Recommendation and assumes familiarity with the facts alleged in Jackson's Complaint. *Dkt. Nos. 80,1*.

receipt of adversary objections to file responses.  *See* 28 U.S.C. §

636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules

further require that the objections must specify the findings and

recommendations which are the subject of the objections, and the

substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

The district court must review *de novo* those portions of the

Magistrate Judge's findings and recommendations that have been properly

preserved by compliance with the specificity requirement.  *See* 28 U.S.C. §

636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  After review, the

district court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge ... [and] may also

receive further evidence or recommit the matter to the magistrate judge

with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object in a timely manner, it procedurally defaults

and is not entitled to judicial review.  *See Almonte v. New York State Div.*

*of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006)

(citation omitted).  "Although the doctrine of procedural default developed

as a circuit appellate rule, it applies in the district courts as long as parties,

including those appearing *pro se*, receive clear notice of the consequences

of their failure to properly object." *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985). "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]" *Almonte*, 2006 WL 149049, at *3 (citation omitted).[3]

Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.*, at *4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default. *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly

---

[3]The following statement accompanies all magistrates' reports issued in this district: "[P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the [c]lerk of [c]ourt. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**" *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e); *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1983); *Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

preserved by compliance with the specificity requirement.  *See id.,* at \*5; *see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).[4]  "*De novo* review requires that the court 'give fresh consideration to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."  *Almonte*, 2006 WL 149049, at \*5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at \*3 (citations omitted).

---

[4]The decision to use procedural default is in the discretion of the district court.  *See Almonte,* 2006 WL 149049, at \*4 (citation omitted).  "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party."  *Id.* (citation omitted).  "As the Supreme Court has observed:

> '[T]he district court...must exercise supervision over the magistrate.  Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction.  The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.'"  *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless." *Almonte*, 2006 WL 149049, at \*5. Under these circumstances, it is within the court's discretion to elect an appropriate review standard. *See id.*

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard[.]..." *Id.* "[D]istrict courts have applied standards with varying names and definitions." *Id.*, at \*6. "[S]ome adopt the 'clearly erroneous' standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[5] *Id.* (citations omitted). "Given the definition typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the

_____

[5]"The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:

'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" FED. R. CIV. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at \*5 (citations omitted).

evidence, or whether the recommendations cause the court to definitely

and firmly conclude that a mistake has been committed." *Id.* "Other courts

have adopted a 'contrary to law' standard which means that the report fails

to apply, or misapplies, relevant statutes, case law, or rules of procedure."

*Id.* (citations omitted). "When excusing procedural default in the interests

of justice, the Circuit has reviewed the underlying decision or report for

'plain error.'" *Id.* (citations omitted). "Plain error is one that is clear or

obvious and affects substantial rights." *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all

dispositive issues, this court routinely reviews reports before entering final

judgment whether objections are registered or not." *See Almonte*, 2006

WL 149049, at *6. When the court does so, however, it is aware that the

reports are generated by magistrate judges with extraordinary professional

and judicial experience." *Id.* "Accordingly, when required by statute or rule

or when the court's routine review so dictates, the court will make a *de*

*novo* determination of findings and recommendations." *Id.* "Absent *de*

*novo* review, the court will apply a 'clearly erroneous' standard, and defines

that phrase as follows: a report is clearly erroneous if the court determines

that there is a mistake of fact or law which is obvious and affects

8

substantial rights." *Id.* "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id.*

## B. Objections

### 1. General Discovery Objections

Jackson does not offer any specific factual or legal objections to Judge Lowe's report. He has therefore procedurally defaulted and Judge Lowe's report will be reviewed for clear error.

First, Jackson contends that he has been denied reasonable access to information required to defend against defendants' motion for summary judgment. Specifically, he argues that Judge Lowe improperly denied his request for a complete, unredacted copy of a hearing transcript used in support of defendants' motion. This contention is without merit. To the contrary, Judge Lowe has ordered that information be made available to Jackson on repeated occasions. More specifically, Judge Lowe denied defendants' request to file documents under seal, reasoning that such a submission would result in the court's deciding the summary judgment

motion on evidence not provided to Jackson.  *See Dkt. No. 63.*[6]  Judge

Lowe also ordered that relevant documents be made available for

Jackson's review in prison.  *See id.*  Accordingly, finding no clear error,

Jackson's contention that he has not been given access to information fails

and is without merit.

Second, Jackson contends that Local Rule 7.1(c) compels Judge

Lowe to automatically grant his cross-motion for compelled discovery or

deny defendants' motion for summary judgment because the defendants'

failed to respond to his cross motion.  This contention is without merit.

Local Rule 7.1(c) provides that: "[t]he original moving party *may* reply in

further support of the original motion and in opposition to the cross-

motion[.]"  N.D.N.Y. R. 7.1(c) (emphasis added).  Accordingly, finding no

clear error, Jackson's objection based on defendants' failure to respond is

without merit.

Third, Jackson contends that defendants' motion for summary

judgment should be denied because they failed to file certain answers to

interrogatories and a material statement of facts under L.R. 7.1(a)(3).  This

---

[6]Defendants appealed.  *See Dkt. No. 64.*  This court affirmed Judge Lowe's order because generally, summary judgment cannot be granted upon the court's *ex parte* review of evidence.  *See Dkt. No. 70.*

contention is without merit.  Assistant Attorney General Holohan informed

the court by letter that some of the motion's attachments had not been

successfully electronically filed.  She further informed the court that the

documents were refiled and a complete copy was provided to Jackson.

*See Dkt. No. 73.*  Accordingly, finding no clear error, Jackson's objection is

also without merit.

Fourth, Jackson contends that Judge Lowe's Report -

Recommendation is improperly based on the unverified statements of the

defendants.  He further contends that Judge Lowe improperly failed to

include his complaint as part of the factual record, but he allowed the

defendants to submit unsigned affidavits.  As Judge Lowe noted, he used

his discretion to consider the unverified statements because Jackson did

not originally challenge the lack of signatures.  *See Report-*

*Recommendation, p. 11 n.10; Dkt. No. 80.*  In any event, the defendants

have resubmitted the contested affidavits with signatures, and therefore,

this point is moot.  *See Dkt. No. 83.*  Accordingly, finding no clear error, this

objection is also without merit.

## 2. **Article 78 Petition**

Jackson also contends that Judge Lowe improperly considered the

state court's decision on his Article 78 petition.  Jackson specifically claims

that the decision and judgment did not constitute a final decision of the

court because it was not signed by the clerk of the court.  The court

concludes that whether or not the decision was signed by the clerk has no

impact on the merits of Jackson's claims.  Furthermore, as Judge Lowe

noted, the New York Supreme Court ordered Jackson's petition dismissed

and expressly stated that its decision constituted the "Decision &

Judgment" of the court.  Further, the decision was filed in the Albany

County Clerk's office on February 6, 2002.  *See Report-Recommendation,*

*p. 24 n.76; Dkt. No. 80.*  Even if the decision had not been filed in the

clerk's office, Judge Lowe found that as a final judgment of the court, it

would carry collateral estoppel effect under New York law.  *See Report-*

*Recommendation, p. 50 n.167; Dkt. No. 80.*  This court agrees and finding

no clear error, this objection is without merit.

## IV.  Conclusion

Having reviewed Jackson's objections to the Report-

Recommendation under a clearly erroneous standard, this court adopts the

recommendation of Judge Lowe for the reasons stated.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that the motion for summary judgment (*Dkt. No. 71*) is

**GRANTED,** and the complaint **DISMISSED IN ITS ENTIRETY**; and it is

further

**ORDERED,** that the Clerk of the Court provide copies of this Order to

the parties.

**IT IS SO ORDERED.**

July 18, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge